MINUTES

Montana Supreme Court Public Meeting
June 19, 2012
Justice Building, Attorney's Lounge, 4th Floor
215 N. Sanders
Helena, Montana

Chief Justice McGrath called the duly noticed public meeting to order at 10:10 a.m. All of the Justices were in attendance.

Others in attendance were:

Betsy Brandborg, Marie Connolly, Randy Cox, Greg Murphy, Annie Goodwin, Jacqueline Lenmark, Al Smith, Mike Lamb, Chris Wethern, Katie Ranta, Scott Peterson, Karla Painter, and Morgan Stacey.

**Item 1: Minutes for the July 12, 2011 Public Meeting**

The Court unanimously approved the minutes of the May 22, 2012 Public Meeting.

**Item 2: AF 06-0090 Appointments to the Commission on Practice**

The Court unanimously approved the re-appointment of Jean Faure to represent Area C for a four-year term to the Commission on Practice.

**Item 3: AF 11-0244 In re: Petition to Adopt Uniform Bar Examination**

Chief Justice McGrath began the discussion noting there were two public comment periods prior to the meeting. He then opened the floor to Justices with questions.

Justice Morris asked if the State Bar would be doing background checks for applicants or if the National Conference of Bar Examiners (NCBE) would be doing that? Marie Connolly responded that NCBE would do a preliminary check, forward the results to the State Bar which would follow up on any red flags. The Character and Fitness Commission would still control admission to the State Bar. Annie Goodwin confirmed this. Betsy Brandborg also confirmed that the Character and Fitness Commission would review the NCBE report and conduct any further investigation they deemed necessary. Regarding different fees charged for the NCBE report (students, recent graduates, lawyers), Betsy indicated that if a first-year student got a report with red flags, that

Page **1** of **5**

student could consider whether to continue knowing that the student may not pass Character and Fitness.

Chief Justice McGrath asked how the State Bar would know if someone was applying for admission to the State Bar? Marie Connolly responded that she believed each applicant would indicate which bars he or she was applying to when they submit the application to NCBE. Also, the Montana application process would be shorter, but applicants would need to supplement.

Justice Baker asked about the fee structure. Marie Connolly responded that there would be an increase in fees, but those would go to NCBE. The ExamSoft fee was discussed. Those sitting for the bar exam pay it to take the essay portions on a laptop. Those funds go to ExamSoft, not the State Bar.

Chief Justice McGrath asked how the Board of Bar Examiners selects questions for the essay exam. Randy Cox responded that under our current system, the Board selects 6 of 8 proposed Multistate Essay questions. With the Uniform Bar Exam (UBE), that would go away. However, the Board would still grade all exams, as they currently do, using UBE grading guides. Justice Baker asked if the graders can consider Montana law in grading. Randy Cox responded yes, there is some discretion in the scoring. Greg Murphy responded that in any essay examination, the graders use judgment.

Justice Cotter then asked about UBE portability. Randy Cox explained that currently applicants can transfer their MBE scores for 3 years and the UBE would be similar. UBE could be transferred to another UBE jurisdiction within 3 years. The idea behind this is that a test maintains its validity for 3 years, but that assumption attenuates over time.

Justice Morris asked what the portability period was in other UBE states. Greg Murphy stated there is no recommendation by NBCE, but 3-5 years is common.

Justice Cotter asked what the impact would be on reciprocity. Randy Cox responded that there is no direct effect. A person would still have to apply to the Montana Bar, meet Montana's Character and Fitness requirements, move for the transfer of their scores, and pay all necessary fees. After three years, the UBE score no longer would transfer and a re-exam would be required. Justice Nelson asked if the Montana essay portion of the exam would be required in that instance. Randy Cox responded that Montana could still require that, but the essay should count for a small portion of the overall total because the score is not reliable enough on its own.

Justice Morris asked what local component other UBE states have adopted. Greg Murphy responded that Alabama requires essays, North Dakota requires nothing, Arizona and Colorado require a seminar on local law, Washington and Utah have nothing in place currently, and Missouri has an online course. Justice Morris then asked who

administered these supplemental programs. Randy Cox responded that the boards of bar examiners did. Greg Murphy agreed.

Justice Baker then stated that she appreciated everyone's comments submitted. She supports the UBE because it is better testing, is more objective and unbiased. She also supports a Montana law component but the online testing as proposed is unappealing. She spoke with Arizona's chief justice and her state's experience has been positive. Arizona runs a 6 hour in-person course in addition to the UBE. Arizona has not experienced a large influx of new attorneys, but has experienced an increase in bar dues. Justice Baker would prefer an in-person seminar that all persons applying to the bar (including Montana graduates) would be required to take.

Chief Justice McGrath asked if the State Bar's CLE Institute would help with this seminar undertaking. Justice Nelson stated the CLE Institute would probably be amenable, however the problem is finding teachers. Justice Baker asked if it should be referred to the CLE Commission. Betsy Brandborg clarified that the CLE Commission determines CLE accreditation while the CLE Institute plans CLE seminars.

Justice Morris thanked everyone for their hard work and time. He supports the UBE because it provides a more objective exam with more uniform grading. He feels there is a misperception that we are testing Montana law, but the bar exam tests basic legal skills. He does not support an online component, but is open to a seminar.

Chief Justice McGrath wonders if the effective date for the application portion of the proposal should be changed. Marie Connolly responds that it is fine to keep it at February 2013. What about the effective date of the test? Randy Cox responds that it depends on what form of exam the Court orders. The UBE can be ready for the February 2013 exam. However, if a seminar is added, it will take more time to be ready.

Justice Cotter brings up raising the minimum passing score. Justice Rice supports raising it to 135, or 270 for the UBE. Greg Murphy responded that 135 was the original passing score, but it started floating in the 1980s to today's 130. The trend is towards 135. New York's is 133. Randy Cox responded that the Board of Bar Examiners feels very strongly about increasing the minimum passing score. Chief Justice McGrath opposes raising the score because minorities may be disadvantaged by it. Justice Morris does not want to raise the score, and would like a 2 year transfer period. Justice Baker supports increasing the score, and is fine with a 2 year transfer period. She noted that the majority of applicants who fail are Montana graduates. She worries about Montana becoming a default state for those who cannot pass the bar exam elsewhere. Justice Morris is skeptical of that. Justice Rice noted that, while Montana has not seen this, other states are being flooded by people shopping jurisdictions. Betsy Brandborg stated that this is happening now in the Character and Fitness arena. Annie Goodwin agrees. Justice

Nelson supports increasing the score and would defer to the Board of Bar Examiners on the transferability issue.

The Court then voted on the proposals as follows:

Justice Rice moved to adopt online applications for character and fitness beginning with the February 2013 exam. The motion carried without objection.

Justice Morris moved to adopt the UBE. Justice Nelson noted that he struggled with this, but it is the way things are moving and we need to move forward. The motion carried without objection. The first UBE will be in July 2013.

Justice Nelson moved to increase the minimum passing score from 130 to 135, or 270 for the UBE. The motion passed 5-2, with Chief Justice McGrath and Justice Morris objecting.

Justice Cotter moved to allow for transfer of a UBE score for 3 years after passing the exam. The motion passed 5-2, with Justices Morris and Wheat objecting.

Justice Baker moved to refer to the CLE Institute the Montana educational component for a report.

Justice Wheat then made a substitute motion to just adopt a Montana educational component and refer it to the CLE Institute, CLE Commission, and Board of Bar Examiners who can discuss how to implement it and report back to the Court by October 31, 2012. The motion carried 5-2, with Chief Justice McGrath and Justice Morris objecting.

A written order will follow, but these changes will be effective today, June 19, 2012.

The Court will continue to look into any rule changes required to implement the new exam.

**Item 4: New Matters**

Justice Baker discussed requiring applicants to complete 50 hours of pro bono service within 3 years before they can be admitted to the State Bar. She moved to refer this idea to the newly created Access to Justice Commission to report back next summer. The motion carried without objection.

Chief Justice McGrath adjourned the meeting at 11:40 a.m.


Duly Submitted,


Katie R. Ranta
Law Clerk